UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-38-GNS

JERRY A. BELLAR                                                                                    PLAINTIFF

v.

CITY OF AUBURN, KENTUCKY and
MICHAEL A. HUGHES                                                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

The City of Auburn, Kentucky ("Auburn") has filed a Motion to Dismiss. (DN 11). Simultaneously, Defendant Michael A. Hughes ("Hughes") filed a Motion to Dismiss the Amended Complaint. (DN 12). Plaintiff Jerry A. Bellar ("Bellar") filed responses to both motions. (DN 22, 23). Defendants were given the opportunity to reply, and both motions are now ripe for a decision. Both motions to dismiss (DN 11, 12) are **DENIED**.

**I.     STATEMENT OF FACTS AND CLAIMS**[1]

Both Hughes and Bellar reside in Logan County, Kentucky. (Am. Compl. ¶¶ 9, 12-13, DN 20). From September 29, 2004, to August 8, 2013, Bellar worked as a park attendant for the City of Auburn ("City"). (Am. Compl. ¶ 14). Hughes is the current mayor and was Bellar's direct supervisor. (Am. Compl. ¶¶ 9, 17). In addition to his duties at the park, Hughes directed Bellar to perform various landscaping and maintenance tasks around the City. (Am. Compl. ¶ 16). In his position, Bellar supervised no other employees, was uninvolved in city policy, and exercised no discretion in the course of his employment. (Am. Compl. ¶¶ 29, 32, 34). Bellar was paid a weekly "salary" that corresponded to an hourly wage rate multiplied by the forty hours per week

---

[1] Given the standard applied to motions to dismiss, the following factual summary is taken exclusively from Bellar's Amended Complaint (DN 20). All facts alleged therein are assumed true for the purposes of this motion.

1

he was deemed to be working. (Am. Compl. ¶¶ 23-24). In addition, he was provided "room and board" within the park. (Am. Compl. ¶ 20).

Bellar alleges that he was instructed to record only forty hours per week regardless of the actual time spent working. (Am. Compl. ¶ 25). Despite working over forty hours "most, if not all" weeks of his employment, Bellar was told he was not entitled to overtime compensation. (Am. Compl. ¶¶ 21, 25). Defendants kept no accurate records of Bellar's working hours. (Am. Compl. ¶ 27).

Bellar filed this action alleging claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-209, and the Kentucky Wages and Hours Act ("KWHA"), KRS §§ 337.010 *et seq*. Specifically, he asserts the FLSA's Sections 207(a) and 216(b), and KRS Sections 337.285 and 337.320, entitle him to overtime compensation for willful violations. (Am. Compl. ¶¶ 37-54). While the FLSA exempts some jobs from its strictures, Bellar claims his job duties fell under no exemption. (Am. Compl. ¶¶ 28-34). Accordingly, Bellar filed this action seeking unpaid wages and statutory compensation. (DN 1). The City seeks dismissal of all claims pursuant to Fed. R. Civ. P. 12(b)(6) based on the statute of limitations. Hughes moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) based on sovereign immunity.

## II. JURISDICTION

Because this matter involves claims arising under the FLSA, the Court has federal question jurisdiction over these claims. *See* 28 U.S.C. § 1331. In addition, federal district courts may exercise supplemental jurisdiction over state-law claims which form part of the "same case or controversy under Article III of the Constitution." 28 U.S.C. § 1367(a).

### III.  STANDARD

Before the Court are motions to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Assertions of sovereign immunity may be brought under Rule 12(b)(1) for lack of jurisdiction. *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013). "[W]hile the Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power,' the defense 'is not coextensive with the limitations on judicial power in Article III.' . . . [U]nlike subject-matter jurisdiction, 'the entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity.'" *Nair v. Oakland Cnty. Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006) (citations omitted).

Defendants asserting a statute of limitations against a plaintiff's claims may bring motions under Rule 12(b)(6). *See, e.g.*, *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 946 (6th Cir. 2002). In ruling on a Rule 12(b)(6) motion, all allegations in the complaint are assumed true and inferences drawn in favor of the plaintiff. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). Generally, Rule 12(b)(6) motions merely test the legal sufficiency of a claim, disregarding the factual accuracy of the complaint. Because the legal "sufficiency of a complaint turns on its 'factual content,'" and that content is assumed true, this presents only a low hurdle for plaintiffs. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

Despite this lenient standard, the latitude granted a plaintiff is not limitless.  "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, legal conclusions are entitled to no presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "Factual allegations must be

enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citation omitted). A plaintiff's claims must also be plausible, as "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint that merely "tenders 'naked assertions' devoid of 'further factual enhancement[]'" is insufficient. *Id.* at 678 (citation omitted).

## IV.   DISCUSSION[2]

It is unclear whether Hughes's arguments in support his motion are directed at the federal or state claims, or both. Hughes moved to dismiss the Amended Complaint, which substantively changed the allegations only in the addition of a KWHA claim and the addition of Hughes as a defendant. Hughes cites no federal statutes or cases to support his position, citing only a single Kentucky case. Given his lack of argument and burden, the Court will address only governmental immunity regarding the Kentucky claims.

### A.   **FLSA Statute of Limitations**

The City asserts Bellar's FLSA claims are barred by the statute of limitations. Under the FLSA, claims filed more than two years after the cause of action has accrued are time-barred. 29 U.S.C. § 255(a). Willful violations, however, may be brought within three years. *Id.* "A cause of action is deemed to accrue, as a general rule, at each regular payday immediately following the

---

[2] Auburn's Motion to Dismiss is technically moot because Plaintiff has filed his Amended Complaint (DN 20). *See  Drake v. City of Detroit*, 266 Fed. App'x 444, 448 (6th Cir. 2008) (stating "an amended complaint supersedes all prior complaints[,]" and therefore, the original complaint is a "nullity"). The motion was filed before Plaintiff was granted leave to amend his complaint, but after his motion to do so had been filed. (DN 10, 11). Hughes directed his simultaneous motion to dismiss at the amended complaint. That Auburn and Hughes share counsel makes it plausible Auburn intended to challenge the amended complaint as well. In any event, the substantive arguments Auburn makes are equally inapplicable to the amended complaint. The Court will construe Auburn's motion as directed at the amended complaint so that both motions may be addressed on the merits.

work period during which the services were rendered for which the wage or overtime compensation is claimed." *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187 (6th Cir. 2008) (citation omitted) (internal quotation marks omitted).

Bellar's complaint was filed on March 23, 2015. (Compl., DN 1). To avoid being time-barred, therefore, any allegedly willful violations must have occurred after March 23, 2012, and any non-willful claims after March 23, 2013. *See* Fed. R. Civ. P. 15(c) (relation back of amendments to date of filing of complaint).

Because Bellar was employed with Defendants from September 29, 2004, to August 8, 2013, a portion of his hours worked fall within the statute of limitations. He claims "throughout his employment" he was required to work in excess of forty hours without overtime compensation, but he provides no specific details as to when those hours were worked. In some circuits, plaintiffs are required to assert at least one specific workweek in which they were undercompensated to file an overtime claim. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013); *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768-69 (4th Cir. 2011). While the Sixth Circuit has not addressed this issue, several district courts within this circuit have found such a mandate unnecessary when a FLSA misclassification is alleged. *See Noble v. Serco, Inc.*, No. 3:08-76-DCR, 2009 WL 1811550, at *2-3 (E.D. Ky. June 25, 2009); *Pope v. Walgreen Co.*, No. 3:14-CV-439, 2015 WL 471006, at *4-5 (E.D. Tenn. Feb. 4, 2015).

As alleged in the pleadings, Bellar's claims can be construed as misclassification claims. Misclassification cases involve employees who claim they were improperly classified as being exempt from overtime laws. In this case, Bellar alleges that he was paid a salary instead of an

5

hourly wage,[3] and that he was told he was not entitled to overtime. (Am. Compl. ¶¶ 23-25). He would not be entitled to overtime if he fell within one of the FLSA's exemptions. *See* 29 U.S.C. § 213. He essentially complains he was misclassified as an exempt employee. Even were this not enough to meet Plaintiff's pleading burden, the Amended Complaint does more than merely reciting the elements of the offense; Bellar alleges the type of work he performed and the dates of his employment. (Am. Compl. ¶¶ 14-16). He claims he supervised no employees nor qualifies for any other exemption from overtime laws. (Am. Compl. ¶¶ 29-34). Bellar also asserts that he was instructed to record forty hours on a timesheet regardless of the hours actually worked and that his employer kept no accurate records of his work hours. (Am. Compl. ¶¶ 25, 27). From the foregoing, Bellar's Amended Complaint has adequately stated claims within the applicable statute of limitations. For this reason, Auburn's Motion to Dismiss is DENIED.

### B. Kentucky Wages and Hours Act and Government Immunity

Hughes seeks to dismiss the claim against him based upon governmental immunity based upon the holding in *Yanero v. Davis*, 65 S.W.3d 501, 519 (Ky. 2010). (Def.'s Mot. to Dismiss Am. Compl. ¶ 3, DN 12). His reliance on *Yanero*, however, is misplaced because that decision addressed the potential tort liability of employees sued in their official and individual capacities. The Supreme Court of Kentucky has specifically held "[b]oth cities and county governments are subject to the wage and hour requirements of KRS Chapter 337 . . . ." *Madison Cnty. Fiscal Court v. Ky. Labor Cabinet*, 352 S.W.3d 572, 576 (Ky. 2011). As drafted, the KWHA defines employers to include "any person . . . acting directly or indirectly in the interest of an employer in relation to an employee . . . ." KRS 337.010(1)(d). Governmental immunity does not apply to

---

[3] Bellar claims his "salary" was merely his hourly rate, which was initially $8.10 per hour and later increased to $8.26 per hour, times the forty hours per week he was deemed to be working. (Compl. ¶¶ 18-19, 23).

public employees for violations of the KWHA. *Accord Ivey v. McCreary Cnty. Fiscal Court*, 939 F. Supp. 2d 762, 766 (E.D. Ky. 2013) (citing *Madison Cnty. Fiscal Court* to find public official not immune from KRS Chapter 337 claims). Assuming the facts alleged, Hughes qualifies as an employer under the act because he directed Bellar's duties in the interests of the city. Hughes has not carried his burden of proving immunity, and his motion to dismiss is DENIED.

## V. CONCLUSION

For the reasons explained above, **IT IS HEREBY ORDERED** that Hughes and Auburn's Motions to Dismiss (DN 11, 12) are **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 9, 2015

cc: counsel of record